20-3600-cv
*McCarthy v. DeJoy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-two.

PRESENT:
        BARRINGTON D. PARKER,
        SUSAN L. CARNEY,
        BETH ROBINSON,
                *Circuit Judges.*

------------------------------------------------------------

Mark McCarthy,

                *Plaintiff-Appellant*,

        v.                                                              20-3600

Louis DeJoy, Postmaster General

                *Defendant-Appellee.*

------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:        MARK MCCARTHY, *pro se*, Cape Vincent, NY.

FOR DEFENDANT-APPELLEE:         KAREN FOLSTER LESPERANCE (Emer M. Stack, *on the brief*), *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*; Baxter, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 16, 2020 judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Mark McCarthy, proceeding *pro se*, sued the Postmaster General of the United States alleging retaliation and discrimination on the basis of sex and disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* McCarthy—who worked for the United States Postal Service ("USPS") in Dexter, New York—alleged that he was not promoted to the position of postmaster of the Dexter office due to discriminatory conduct and retaliation. The district court granted the Postmaster General's motion to dismiss the complaint on the basis of insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim under Rule 12(b)(6). McCarthy now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).[1] We review a Rule 12(b)(5) dismissal for insufficient service of process for abuse of discretion. *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010).

_____

[1] Unless otherwise noted, in quoting case law this Order omits all alterations, citations, footnotes, and internal quotation marks.

2

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam), *pro se* appellants still must comply with our procedural rules and precedent. McCarthy has failed to do so here. The shortcomings in his brief are not merely technical oversights; they effectively preclude meaningful substantive consideration of his appeal and amount to a waiver of any challenge to the district court's dismissal of his complaint.

First and most importantly, McCarthy's brief on appeal does not address the grounds on which the district court dismissed his complaint. Federal Rule of Appellate Procedure 28(a) requires all appellants "to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring appellant briefs to include an argument section with appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Although we afford *pro se* litigants "some latitude in meeting the rules governing litigation," we "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Moates*, 147 F.3d at 209; *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016). McCarthy's brief on appeal does not refer to the district court's reasoning or conclusions that (1) he had improperly effected service by failing to timely serve the second amended complaint, and (2) he did not allege sufficient facts to state a plausible Title VII claim. As a result, we treat any such challenges on appeal as waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on

3

appeal.").

To the extent that McCarthy attempts to raise new arguments in his appellate brief, they are either insufficiently developed for our consideration or appropriately treated as waived because he failed to raise them before the district court. McCarthy generally alleges that the district court committed mistakes, but he does not describe the mistakes in any detail or cite case law or the record to support his conclusions. He further asserts that the district court judge was biased, but he does not refer to any specific acts reflecting bias or explain how such acts affected the district court's decision to dismiss his complaint. He mentions briefly that the Equal Employment Opportunity Commission ("EEOC") "found that the discrimination against [him] was continuous and was a mixed case," but his briefing does not point to any EEOC findings in the record, identify any facts supporting an inference of continuous discrimination, or explain what "a mixed case" is and how that would affect the district court's decision. Appellant's Br. at 5. Besides asserting in passing that the discrimination was "continuous" and that people at the USPS are promoted "because of who they know," McCarthy's brief does not raise any argument or point to any facts that he presented to the district court concerning his claims. Appellant's Br. at 5, 7. Without more, his assertions do not represent "identifiable arguments" sufficient to satisfy Rule 28(a), *Terry*, 826 F.3d at 633, or to allow us to give them substantive review. We ordinarily decline to address issues that an appellant does not raise or raises only in passing, and we therefore do so here. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

The arguments that McCarthy raises for the first time on appeal include (1) asserting violations of the Rehabilitation Act; (2) arguing that the district court should have "shar[ed]

4

jurisdiction with the Merit Systems Protection Board," a quasi-judicial executive branch agency that reviews certain types of federal employee appeals; and (3) challenging USPS's accommodations for disabled veterans. Appellant's Br. at 5–8. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal," unless considering the issue is "necessary to avoid a manifest injustice." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132–33 (2d Cir. 2008). McCarthy does not argue—and cannot show, based on the record—that applying our waiver rule to his new arguments on appeal would result in "manifest injustice." *Id.* at 133. Thus, we treat those arguments as waived.

In sum, McCarthy does not raise any issues or arguments that are properly before this court on appeal.[2] Accordingly, we affirm the district court's dismissal of his complaint.[3]

---

[2] On February 8, 2022, one week before the oral argument in this case, McCarthy filed 897 pages of supplemental documents in this court. The documents appear to relate primarily to prior EEOC proceedings. We decline to give these documents any substantive consideration. McCarthy did not move to supplement the record with these documents, and even if we were to construe his submission as such a motion, we would deny it because McCarthy has not shown that they were part of the trial court record. *See Int'l Bus. Machines Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) ("Filing at the trial court level with a view to making a record is crucial because, absent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record.").

[3] Even if we were to excuse McCarthy's waiver and consider the merits of McCarthy's claims insofar as we understand them, we discern no error in the district court's analysis. The district court acted within its discretion when it concluded that McCarthy's complaint was subject to dismissal under Rule 12(b)(5) because he had not met his burden of proving that he adequately served the second amended complaint. *See Dickerson*, 604 F.3d at 752. In addition, the district court correctly concluded that McCarthy did not allege any facts to show that his employer took adverse action against him *due to his sex or disability* rather than other causes; instead, he alleged facts suggesting that his employer engaged in favoritism based on other factors. Likewise, he did not allege any facts to show that the adverse employment actions were taken in retaliation for his opposing or reporting *unlawful discrimination*. For these reasons, even if McCarthy had not waived his arguments through his briefing, and even if he had properly delivered, or "served," the

5

*   *   *

We have considered all of McCarthy's remaining arguments and find in them no basis for

reversal.   For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

summons and second amended complaint in the way the law requires, he has not alleged facts that
would entitle him to any relief.